UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    WILLIAM A. DOLL, III,                                    07-01323 B

                 Debtor                                  **DECISION & ORDER**
------------------------------------------------------

                       William R. Hites
                       Jason Breen, Esq., of counsel
                       69 Delaware Avenue, Suite 1012
                       Buffalo, New York 14202-3801
                       Attorney for the Debtor

Bucki, U.S.B.J.

      The current motion presents the question whether a filing fee is due when an attorney prematurely files a bankruptcy petition for a client before that client has satisfied the eligibility requirements of 11 U.S.C. §109(h).

      On April 9, 2007, counsel filed an electronic copy of a bankruptcy petition that had been signed by William A. Doll, III. At the time, however, Mr. Doll had not yet completed the credit counseling that 11 U.S.C. §109(h) mandates as a predicate for becoming a debtor under the Bankruptcy Code. Consequently, on April 13, this court granted Doll's voluntary motion to dismiss his case.

      At the time that he filed the petition, Mr. Doll's attorney had deferred payment of the filing fee. In response to demands from the bankruptcy clerk for payment, Doll made the present motion on April 16. Claiming that his attorney had filed the petition inadvertently and in error, Doll asks that the court waive the filing fee. Doll contends that only one filing fee should be charged, and that he should properly pay that fee upon the anticipated re-filing of his case after completion of credit counseling.

      The obligation to pay a filing fee derives from the following text of 28 U.S.C. §1930(a):

> The parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees: (1) For a case commenced under – (A) chapter 7 of title 11, $245 . . . .

Unequivocally, this language imposes a fee not from the mere filing of a petition, but upon the commencement of a case. To determine this event, we must turn to 11 U.S.C. §301(a), which states that "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter *by an entity that may be a debtor under such chapter*" (emphasis added). Section 109 of the Bankruptcy Code then defines who may be debtor. Specifically, 11 U.S.C. §109(h)(1) states in relevant part that "notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . ."

In the present instance, during the 180 days prior to April 9, 2007, William Doll did not receive the required briefing from an approved budget and credit counseling agency. Pursuant to 11 U.S.C. §109(h), he could not be a debtor under the Bankruptcy Code. Because the petition was not filed by an individual who could be a debtor under chapter 7, no case was commenced for purposes of 11 U.S.C. §301(a). Without the commencement of a case, no fee is due under 28 U.S.C. §1930(a). Accordingly, the motion to waive any such filing fee is granted.

So ordered.

Dated:   Buffalo, New York                                    /s/   CARL L. BUCKI
         May 9, 2007                                                    U.S.B.J.